UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80679-MATTHEWMAN

INTERNATIONAL HEALTH BRANDS, LLC,
*a Delaware limited liability company*,

    Plaintiff,
v.

ASHLEE R. FOY, *an individual*;
MICHAEL L. KAUFMAN, *an individual*;
and KCM BRANDS, LLC, *a Florida limited
liability company*,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT 11 [DE 11]

THIS CAUSE is before the Court upon Defendant Ashlee Foy's ("Defendant Foy") Motion to Dismiss Count 11 ("Motion") [DE 11]. The Motion is fully briefed and ripe for review. *See* DEs 24, 28. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

**I.**  **Background**

On May 29, 2024, Plaintiff International Health Brands, LLC ("Plaintiff") filed an eleven-count Complaint. [DE 1]. Relevant here, Count 11 seeks a declaratory judgment against Defendant Foy. *Id.* ¶¶. 341–54. Specifically, Plaintiff seeks a declaration from the Court finding that it did not unlawfully discriminate against Defendant Foy. *Id.* ¶ 354. Plaintiff makes this claim because "Defendant Foy has alleged in a formal Charge of Discrimination before the Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission that Plaintiff [] discriminated against Defendant Foy based upon the basis of sex in violation of both Title VII of the Civil Rights Act and the Florida Civil Rights Act of 1992." *Id.* ¶ 349.

1

Defendant Foy now moves to dismiss Count 11. [DE 11]. She argues that the subject matter of Count 11 is entirely within the EEOC's discretion. *Id.* at 3–4. Plaintiff responds by arguing that its claim does not interfere with the EEOC investigation and that it is not otherwise restrained by Title VII from making this claim. [DE 24 at 3–7].

II.     **Discussion**

The Declaratory Judgment Act ("DJA") states that a federal court "may declare the rights and other legal relations of any party seeking such declaration." 28 U.S.C. § 2201. "It is well-established, however, that while the DJA 'gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so.'" *Milton Harbor View Enterprises v. LLG S.A.*, No. 20-80236-CIV, 2020 WL 13389753, at *1 (S.D. Fla. Apr. 29, 2020) (Cohn, J.) (quoting *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016)). Further, the Court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

Additionally, "[t]he test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Chisholm Properties S. Beach, Inc. v. Arch Specialty Ins. Co.*, No. 21-CV-22960, 2022 WL 356452, at *4 (S.D. Fla. Feb. 7, 2022) (Bloom, J.) (quoting *Schwab v. Hites*, 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012)). Thus, the determination of whether to dismiss Count 11 concerns whether Plaintiff *may* pursue declaratory relief as to whether it unlawfully discriminated against Defendant Foy.

Further, courts in this district have dismissed declaratory judgment claims when the purpose of the claim is for the Court to make factual determinations and not to clarify legal relations. *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213 (S.D. Fla. 2009) (Marra, J.); *SFR Servs. LLC v. Arnesen Webb, PLLC*, No. 23-CV-81079-RLR,

2024 WL 308458 (S.D. Fla. Jan. 16, 2024) (Reinhart, J.), *report and recommendation adopted*, No. 23-CV-81079, 2024 WL 307616 (S.D. Fla. Jan. 26, 2024).

Judge Marra explained the inappropriateness of deciding factual past conduct issues in *Sierra*, 650 F. Supp. 2d 1213:

> The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." *See* 10B C. Wright & A. Miller, *Federal Practice & Procedure*, Civil 3d § 2751 (2004). Similarly, other courts have held that "declaratory judgment is inappropriate solely to adjudicate past conduct." *Gruntal & Co. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993); *see also Beazer Homes Corp. v. VMIF/Anden Southbridge Venture, LPI*, 235 F. Supp.2d 485, 494 (E.D. Va. 2002) (a declaration that involves the adjudication of past conduct serves no useful purpose); *Hoagy Wrecker Serv., Inc. v. City of Fort Wayne*, 776 F. Supp. 1350, 1358 (N.D. Ind. 1991) (the Declaratory Judgment Act was designed to prevent the accrual of avoidable damages, not those damages which had already occurred).
>
> [Plaintiff's] Declaratory Judgment Act claim asks for this Court to make factual determinations regarding possible breaches of contract and tortious acts that [Defendant] is alleged to have committed in the past. There is no demand for relief that seeks a purely legal ruling, such as a request to resolve differences in the interpretation of specific language in an agreement. Nor does the requested relief seek a result that would lead to a change in conduct by either party in order to conform their behavior to the law or to minimize the danger of future monetary loss by the parties.
>
> Thus, in order to render a declaratory judgment, the Court would need to make various factual determinations regarding the past conduct of the parties. However, questions regarding whether torts have been committed or a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act. Indeed, the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies prior to a legal breach of duty or contract. *See e.g.*, *Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp.*, 190 F.2d 985, 989 (10th Cir. 1951) ("a party to a contract is not compelled to wait until he has committed an act which the other party asserts will constitute a breach, but may seek relief by declaratory judgment and have the controversy adjudicated in order that he may avoid the risk of damages or other untoward consequences."). Here, the Court concludes that [Plaintiff] has failed to allege sufficiently a basis upon which declaratory relief would be appropriate. Therefore, the Court finds that declaratory relief is inappropriate and grants Defendant's motion to dismiss this claim.

*Id.* at 1230–31.

Here, Plaintiff asks the Court to administer a fact-intensive inquiry into its past conduct. As stated previously, evaluating these historical facts is inappropriate under the DJA. *See id*; *see also SFR Servs. LLC,* 2024 WL 308458, at *3. Even if the Court accepts Plaintiff's argument that it is unrestrained by Title VII to make this claim, it is restrained by the DJA. Also, the Court is not inclined to exercise its wide latitude of discretion under the DJA so Plaintiff can circumvent a matter presently before the EEOC. Thus, Plaintiff may not pursue this claim.

### III. Conclusion

Accordingly, it is **ORDERED** that Defendant Foy's Motion to Dismiss Count 11 [DE 11] is **GRANTED**. Count 11 of the Complaint [DE 1] is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of October 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge