UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80679-MATTHEWMAN

INTERNATIONAL HEALTH BRANDS, LLC,
*a Delaware limited liability company*,

      Plaintiff,

v.

ASHLEE R. FOY, *an individual*;
MICHAEL L. KAUFMAN, *an individual*; and
KCM BRANDS, LLC, *a Florida limited
liability company,*

      Defendants.

_____/

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

1.      This Confidentiality Protective Order ("Order") applies to information, documents and other materials produced in this action pursuant to Federal and Local Rules of the United States District Court for the Southern District of Florida governing disclosure and discovery.

2.      Information, documents and other materials may be designated by the producing party in the manner permitted ("Designating Person"). All such information, documents and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

3.      "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4.      "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so

1

highly sensitive that its disclosure could result in identifiable disadvantage to the designating party, including a party's tax, banking, or health records.

    5.    Designated material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a.   Parties: Material designated   "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with his or her responsibility for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing Exhibit A.

    b.   Witnesses or Prospective Witnesses:  Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing or deposition.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing Exhibit A.

    c.   Outside Experts:  Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for purpose of obtaining the expert's assistance in the litigation.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing Exhibit A.

    d. Counsel:  Designated Material, including material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of

record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

 e. Other Persons:  Designated Material may be provided as necessary to copying services, translators, and litigation support firms.   Before Designated Material is disclosed to such third parties, each such person must agree in writing, to be bound by this Order by signing Exhibit A.

6. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

7. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

8. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order.  Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

9. The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

10. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn.  If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief.  Upon any such application, the burden shall be on the Designating Person to show why the designation is proper.  Before serving a written challenge, the objecting party must attempt in good

faith to meet and confer with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

11.     Deposition transcripts shall be treated as containing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Designated Material during the ten (10) day period following receipt of the transcript. The transcripts or portions thereof may be designated by a Party or the deponent either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Party's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, unless the Designating Party agrees that there are no Designated Material in the transcript, the deposition transcript shall remain designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

12.     Documents produced in response to a subpoena may also be designated by a Party or the respondent to the subpoena either (a) by a non-party, at the time of production, or (b) by a Party, by written notice to all counsel of record, given within ten business days after the Designating Party's receipt of the documents, in which case all counsel receiving such notice shall either immediately return or destroy all copies of the original version of the said documents and confirm in writing to the producing party that it has done so. The Designating Party shall promptly

produce a proper replacement version with correct confidentiality designation of said documents to the receiving party(ies).  In this situation, the documents with inadvertent incorrect designation until their return or destruction,   shall be treated as designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.  In furtherance hereof, the party issuing the subpoena shall ensure that the counterparty in this action is provided a copy of the said responsive documents.

13.    If counsel for any Party receives notice of any subpoena or other compulsory process commanding production of Designated Material, counsel for such Party shall notify the Designating Party in writing within five (5) business days of receipt of such subpoena or process and shall not produce such information until the Designating Party has had reasonable time to take appropriate steps to protect such information. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. In order to give the Designating Party an opportunity to obtain such relief, the Party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

14.    If it becomes necessary to file Designated Material with the Court, a party must comply with Fed. R. Civ. P. 5.2 and Local Rule 5.4 by moving to file the Designated Material under seal.  The Court, not the parties, will determine whether or not any document shall be sealed.

15.    Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any Designated Material, subject to the rules of evidence and any other Party's objections to the admissibility of the document or information. Upon the request of a producing party, the Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Designated Material from disclosure to persons other than those identified in

paragraph 5 and who have signed Exhibit A, where necessary, under this Order. Party intending to reveal Designated Material of another party during a trial, court appearance, or hearing, which is open to the public, shall provide reasonable notice and opportunity to object to the party that produced the Designated Material, unless consent from the party that produced the Designated Information was previously obtained.  Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material.  The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16.     Upon final termination of this action, including any appeals, all Designated Material and copies thereof but excluding those provided to the Court, shall, within sixty (60) days of a written request, be returned to counsel of record for the party that produced the material or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person.  Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.  Notwithstanding the foregoing, and subject to a continuing obligation to protect all such material pursuant to this Order, outside counsel may retain archive copies of filings, court papers, correspondence, deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such materials contain or reference information designated as Designated Material).

17.     Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality.  Any such error shall be corrected within a reasonable time.  All counsel receiving such notice shall either immediately either return or destroy all copies of the original version of the said documents and confirm in writing to the producing party that it has done so.  The producing party shall promptly

produce a replacement version with correct confidentiality designation of said documents to the receiving party(ies).  In this situation, the documents with inadvertent incorrect designation until their return or destruction, shall be treated as designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

18.     Nothing in this Order shall require disclosure of information protected by the attorney client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.  If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production.  When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days or confirm its destruction in writing to the Designating Party.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material.  Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.  Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials.  If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for

the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party or confirm its destruction in writing to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19.    Any summary, compilation, extract, notes, description, copy, electronic image, or database containing Designated Material shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, extract, notes, description, copy, electronic image, or database is made or derived.

20.    This Order shall not preclude any Party or non-Party from seeking and obtaining from the Court additional protection with respect to the issues addressed in this Order. No Party or non-Party that has availed itself of the protections of this Order may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party or non-Party moves for an order providing such special protection.

21.    This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

22.    Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

23.    This Order may be amended as need may arise by written agreement of the parties, subject to Court approval.

24.     This Protective Order shall take effect when entered and shall be binding upon the counsel who signed below, their respective law firms, and their respective clients.

25.     The foregoing Stipulation is hereby approved by the Court as a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of November 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80679-MATTHEWMAN

INTERNATIONAL HEALTH BRANDS, LLC,
*a Delaware limited liability company*,

      Plaintiff,

v.

ASHLEE R. FOY, *an individual*;
MICHAEL L. KAUFMAN, *an individual*; and
KCM BRANDS, LLC, *a Florida limited
liability company,*

      Defendants.
_____/

## **EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" are confidential by Order of the Court, a copy of which I have been provided.

      I hereby agree to be bound by the said Order and that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.  I also shall, within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, return or destroy all Designated Material (as defined in the Confidentiality Protective Order) provided to me in this litigation to counsel for the party that I represent.

If I fail to abide by the terms of this Confidentiality Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

DATED:_____        SIGNATURE: _____

BY:_____

PRINTED NAME: _____

ADDRESS:_____

PARTY REPRESENTED:_____