IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTERNATIONAL HEALTH BRANDS, LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ASHLEE R. FOY, an individual; MICHAEL L. KAUFMAN, an individual; and KCM BRANDS, LLC, a Florida limited liability company,<br><br>　　　　　　Defendants. | Case No. 9:24-cv-80679-DMM |

**OPPOSITION TO MOTION TO COMPEL DISCOVERY**

Among other things, International Health Brands develops and markets vitamins and supplements. Ashlee Foy developed a supplement formula for a "spike gummy" and business plan in the course and scope of her employment with International Health Brands ("IHB"). IHB originally wanted to create a spike gummy, and the IHB team worked together to formulate it and spend time and money on multiple rounds of sames with the manufacturer. When IHB chose not to immediately market that particular supplement, she took the formulation and, with Michael Kaufman, launched KCM Brands to sell it using the same manufacture. After she was caught and fired, she was discovered to have used IHB's email marketing list to promote the sale of the supplement.

Although the formula and plan were developed by Foy, IHB owns them as part of the employment relationship. Yet, Defendants pretend that they are litigating an entirely different case of trade secret theft, where they expect that IHB would have a trove of information about the formula and plan. They do not. Whatever there was, it came via Foy (and documents produced

belie Defendants' claims that she had come up with it prior to being hired).  And, as it was not immediately marketed, IHB does not and would not be expected to have much documentation about it.  Further, it appears that Foy spoliated what IHB otherwise might have had; an email, for example, sent by Foy and received by one IHB employee was only found in that employee's inbox, not Foy's Sent folder.  See **Exhibit 1**, Declaration of Lauren Bradford at ¶ 4.

Defendants' motion to compel is a game of misdirection and should be denied.  Plaintiff has generally produced what it has, and its objections, where it believes it should not have to produce, are well-founded.

1. **Legal Standard**

"Rule 34(a) requires a party to produce documents that are responsive to a request for production so long as the documents are in the party's 'possession, custody, or control.' Fed.R.Civ.P. 34(a)(1). The party seeking production bears the burden of establishing that the opposing party has control over the documents sought." *Al-Saadi v. Annchery Fajas USA, Inc.*, 2021 U.S. Dist. LEXIS 258931, at *9 (S.D. Fla. Nov. 29, 2021).  Further, "Rule 37 also allows the Court to decline to award expenses if 'circumstances make an award of expenses unjust,' see Fed. R. Civ. P. 37(a)(5)(A)(iii), or if 'the opposing party's nondisclosure, response, or objection was substantially justified,' see Fed. R. Civ. P. 37(a)(5)(A)(ii)." *Peyton v. Martinez*, 2025 U.S. Dist. LEXIS 1962, at *16 (S.D. Fla. Jan. 6, 2025)

2. **Argument**

IHB has produced what needs to be produced and it has not improperly withheld any documents.  See **Exhibit 1**, Declaration of Lauren Bradford at ¶ 6; **Exhibit 2**, Notice of Completion of Production.   No order compelling production or awarding fees to Defendants for their

overreaching motion is proper. Turning to the nine categories, without commenting on the propriety of the category names, but repeated for ease of reference, Plaintiff responds as follows:

1. <u>IHB Formulation</u>: Plaintiff has produced all documents regarding the IHB Formulation. The only Request for which documents have not been produced is as to Request No. 86, which seeks plans for all product formulations, beyond the one at issue. This is unnecessary, unduly expensive, and has nothing to do with Defendants' theft and breaches of duty. It would require counsel reviewing every possible email and document ever transmitted, as there are no keywords that could begin to narrow the request that would not exclude responsive documents. It is clearly designed to further foster Defendants' improper actions.

2. <u>IHB Email List</u>: As to Request Nos. 38, 39, 40, 41, 42, & 48 producing, essentially, all documents regarding IHB's email list is unnecessary and unduly burdensome, especially where Defendants have already broken trust and used IHB's list. As to Request No. 46, responsive documents, if any, will be provided. Plaintiff has otherwise completed its production as to the remaining requests. Plaintiff specifically notes that there were no responsive documents as to Request No. 11, beyond the singular individual Defendants are aware of.

3. <u>Renuology and Spike+Reset Business Plans</u>: All responsive documents have been produced. Defendants otherwise wrongly imagine a requirement that Defendant Foy needed to have written down plans for her to then have wrongly misappropriated them. That is, "for information to be protectable as a trade secret, it need not be embodied in a written list but could also be in the employee's memory." *Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wash. 2d 427, 446, 971 P.2d 936, 946 (1999) citing *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 66 Cal. Rptr. 2d 731, 736 (1997); *see also Vigoro Indus., Inc. v. Cleveland Chem. Co. of Ark.*, 866 F. Supp. 1150, 1162 (E.D. Ark. 1994)("the distinction between information which is written down and that which

is memorized has little materiality"), *aff'd in part, rev'd in part on other grounds sub nom., Vigoro Indus., Inc. v. Crisp*, 82 F.3d 785 (8th Cir. 1996)).

    4.    <u>Mitigation and Enforcement</u>:  All responsive documents have been produced.

    5.    <u>Breach of Contract and Tortious Interference</u>:  As Foy did not submit a job application, it is impossible to determine precisely what constitutes a response to Request No. 65. All other responsive documents have been produced.

    6.    <u>General Requests Applicable to All Trade Secrets</u>:  All responsive documents have been produced.

    7.    <u>Operations and P&L</u>: As to Request No. 87, no such responsive documents exist. As to Request No. 90, IHB's finances are not at issue as the misappropriated formulation was for a product IHB had not yet chosen to sell; the measure of damages is Defendants' ill-gotten profits, rendering the request irrelevant and needlessly invasive.  Similarly, as to Request No. 88, Defendants have no legitimate need for irrelevant documentation on IHB's operational status.

    8.    <u>Interrogatories</u>:  Defendants asked numerous compound interrogatories containing multiple subparts, thereby exceeding the allowed 25 interrogatories by so-called Interrogatory No. 7. "To determine whether questions in subparts of an interrogatory should be considered discrete, a court asks whether the first question can be answered fully and completely without answering the second question, if so, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question." *Sprint Communs., Inc. v. Calabrese*, 2019 U.S. Dist. LEXIS 234810, at *7 (S.D. Fla. Aug. 20, 2019).  Thus, Plaintiff is not required to answer Interrogatory Nos. 7, 10, 11, 13, 15, 16, 17, 20, 21, or 24.  As to Interrogatory Nos. 1-3 & 7, it is unclear what further supplementation there might be.  As to Interrogatory Nos. 4 & 6, any responsive documents were produced.  As to Interrogatory No. 5, it

is unclear what is being sought as it wrongly presumes the existence of information; however, to the extent there was responsive information, it was produced in documentary form.

    9.    <u>Privilege Log</u>: As no documents were withheld on the basis of privilege, no log is required.

In short, Plaintiff has met its obligations and there is no cause for an order compelling further responses.

WHEREFORE Defendants' motion to compel should be denied.

Dated: January 29, 2025.            Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Tel: (888) 887-1776

Jay M. Wolman (*Pro Hac Vice*)
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776

Attorneys for Plaintiff,
International Health Brands, LLC

Case No. 9:24-cv-80679-DMM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
MARC J. RANDAZZA