IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTERNATIONAL HEALTH BRANDS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEE R. FOY, an individual; MICHAEL L. KAUFMAN, an individual; and KCM BRANDS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 9:24-cv-80679-DMM |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE AND STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR THE POSTING OF A BOND**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff, International Health Brands, LLC ("Plaintiff"), seeks an order dismissing all claims asserted against Defendant Ashlee R. Foy ("Foy"), Defendant Michael L. Kaufman ("Kaufman"), and KCM Brands, LLC ("KCM") (collectively, the "Defendants") by Plaintiff without prejudice. Pending the resolution of the motion, the Court should stay all proceedings. As set forth below, the decision to dismiss is based on valuation and collectibility. Defendants have expressed a desire to prolong this litigation, and thus alternative relief is sought as follows: Defendants should demonstrate that they made over $300,000 in unjust profits and post a bond of $600,000, and if they do, Plaintiffs will accommodate the Defendants' desire to prolong the case.

**1.0   INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff brought this action under the Defend Trade Secrets Act and its Florida counterpart, the Florida Uniform Trade Secrets Act, due to Foy, a former employee, absconding with protected

secrets and using those secrets to start a competing business with Kaufman, KCM. *See, generally*, Complaint, ECF No. 1. Plaintiff brought this action to recover damages, attorneys' fees and costs, permanent injunctive relief, and declaratory relief regarding Foy's termination. *See id.*

In the course of litigating this matter, Plaintiff has determined that the damages to be recovered are significantly lower than prevailing at trial. Even though Plaintiff is confident that it would prevail, the expense of suit is not worth it.

## 2.0   LEGAL STANDARD

Fed. R. Civ. P. 41(a)(2) provides that a plaintiff may dismiss an action "by court order, on terms that the court considers proper."[1] The district court has "broad discretion" in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). However, "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id*. Thus, the issue is whether the defendant would lose any substantial right by dismissal. *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). No defendant would lose any rights by voluntary dismissal without prejudice.

## 3.0   LEGAL ARGUMENT

Plaintiff, International Health Brands ("IHB") owns and operates a number of subsidiary brands in the natural health supplement marked. (Complaint, ECF No. 1, at ¶ 10). Defendant Ashelee Foy was hired on June 17, 2022, as IHB's Vice President of Operations and Brands, subsequently promoted to Chief Operating Officer. *Id.* at ¶¶ 15-18. Her job included the development of new products and marketing strategies. *Id.* at ¶ 20. During the course and scope

---

[1] Plaintiff cannot voluntarily dismiss by notice under Rule 41(a)(1)(A)(i) as all defendants have answered. (ECF Nos. 10 & 43).

of her employment with IHB, she developed a unique supplement product ("IHB Formulation"), which IHB initially worked on, but then chose to back burner. *Id.* at ¶¶ 30-32. Defendants, in their answers, assert she developed it prior to her employment with IHB, but they have offered no evidence of this. In contrast, Plaintiff has produced significant documentation showing that the development of the product occurred in the course and scope of Foy's employment. *See* IHB_000199–IHB_000237.[2]

While still employed with IHB, Foy, in collaboration with Kaufman and KCB, began marketing the IHB Formulation as their own product under the "Spike + Reset" brand. Complaint at ¶¶ 34, 37-39 & 46. It also became apparent that Foy had taken the confidential IHB Email List to market it. *Id.* at ¶¶ 33, 35 & 36; *see also* IHB_000056 – IHB_000061.[3] Foy was confronted about this and lied. Complaint at ¶¶ 40-45. It also became apparent that Foy and the other defendants, while Foy was employed, launched the Renuology Brand (despite IHB owning the fruits of Foy's labors) using information unlawfully taken from IHB. Complaint at ¶¶ 51-63. Foy was, thus, terminated by IHB, effective October 17, 2023. *Id.* at ¶ 97. Plaintiff, thus, brought claims under the federal Defend Trade Secrets Act (18 U.S.C. § 1839); under the Florida Uniform Trade Secrets Act (Fla. Stat. § 688.002); for breach of contract against Foy; and for tortious interference against Kaufman and KCM Brands.[4]

---

[2] These are referenced for the benefit of Defendants' counsel, so they cannot dispute this assertion without violating Fed. R. Civ. P. 11. The documents are confidential, and Plaintiff is not seeking to put them before the Court at this time.

[3] Again, this is for the benefit of Defendants' counsel, who seem not to recognize that they are in possession the documents demonstrating that Defendants used the purloined IHB Email List.

[4] An additional claim was brought to declare her weaponization of Title VII to try to protect her theft of trade secrets as meritless, but the Court determined that it would not assess past conduct in furtherance of a declaratory judgment. (ECF No. 35).

Under the DTSA, the court may award "damages for unjust enrichment caused by misappropriation of the trade secret." 18 U.S.C. § 1836(b)(3)(B)(i)(II).[5] The measure of damages, then, is the amount of Defendants' ill-gotten profits. *777 Partners LLC v. Pagnanelli*, 2023 U.S. Dist. LEXIS 122548, at *58 (S.D. Fla. July 14, 2023). During the course of this litigation, Plaintiff has identified a lack of engagement with the Defendants' business' social media, which caused Plaintiff to conclude that Defendants are not likely to have made significant profits in their lawless business venture. *See* **Exhibit 1**, Declaration of Lauren Bradford at ¶ 4 ("Bradford Decl."). While DTSA and FUTSA are fee-shifting statutes, a fee award is not guaranteed. *See* 18 U.S.C. § 1836(b)(3)(D) & Fla. Stat. § 688.005. Plaintiff thus concluded that the cost of continuing litigation would far exceed the apparent minimal profits Defendants have made. *See* Bradford Decl. at ¶ 5. Plaintiff has determined that, as a business decision, it is not presently worth it to continue litigating this matter. *See id*. at ¶ 6.

Defendants would not be prejudiced or lose any substantial right from a dismissal without prejudice. On the contrary, dismissal would benefit the Defendants. They would be free to operate their failing business and retain all of their ill-gotten gains, which Plantiff sought to disgorge.

There is no reason to deny voluntary dismissal without prejudice.[6] "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v.*

---

[5] A plaintiff may also recover actual losses or a reasonable royalty. 18 U.S.C. § 1836(b)(3)(B)(i)(I), (III). However, as IHB chose not to bring the formulation to market, the best measure of damages is the unjust enrichment. Similarly, damages for a FUTSA violation "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation." Fla. Stat. § 688.004(1).

[6] Plaintiff would withdraw its request were dismissal to be with prejudice. "Dismissal without prejudice is the general rule, not the other way around." *United States v. $70,670.00 in United States Currency*, 929 F.3d 1293, 1302 (11th Cir. 2019). "[A] district court should depart from the general rule only when failing to do so would work clear legal prejudice to the opposing party." *Id*. Defendants would suffer no clear legal prejudice were the matter dismissed without prejudice.

*Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). Defendants would lose no substantive rights here. Defendants are expected to argue that this motion was filed to avoid a potentially adverse ruling on the pending discovery motion (ECF No. 44); it was not. Bradford Decl. at ¶ 7 However, even if it were, "an attempt to avoid an adverse ruling, in and of itself, is insufficient" to deny dismissal. *City of Jacksonville v. Jacksonville Hosp. Holdings Ltd. P'ship*, 2024 U.S. App. LEXIS 11759, at *8 (11th Cir. May 15, 2024) (citing *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001)). However, this accusation is without merit, without support, and further the alternative relief sought should not be opposed if this is truly the Defendants' position – that litigation against them remains worthwhile financially, and the parties should still litigate the discovery issue.

Dismissal should be without costs. An award of costs in the face of a voluntary dismissal is given when defendants incur "considerable" expense. *McCants*, 781 F.2d at 860 (emphasis added). Here, Defendants have incurred little expense. No depositions have been taken. Defendants have not yet responded to any discovery. The only significant motion practice was a limited motion to dismiss and an overbroad and improper motion to compel. Thus, dismissal without prejudice is appropriate, with each party to bear their own fees and costs.

Given the reasoning to dismiss this case is financial, it is proper to stay proceedings pending the outcome of the Motion. This would not prejudice the Defendants as it would halt any further legal fees. A stay the proceedings is appropriate and non-prejudicial for all parties, avoiding further costs, including the hearing set for February 10, 2025.

### 4.0     ALTERNATIVE RELIEF OF A BOND

As set forth above, the voluntary dismissal is based on Plaintiff's belief that the cost of litigating to a win exceeds the likely recovery and collectable assets in the Defendants' possession.

Plaintiff has served discovery requests, as yet unanswered, that would otherwise determine both the net profits from the sale of the IHB Formula and ability of Defendants to pay a judgment. Undersigned counsel estimates that it would cost Plaintiff approximately $300,000 to bring the matter to trial and judgment.  As an alternative to dismissal, if Defendants can show that they made at least $300,000 in net profits from the sale of the IHB Formula, Plaintiff requests that the Court order Defendants to post a bond to ensure collection in the amount of $600,000 (covering both the minimum net profits and an attorneys' fee award).  While the Federal Rules do not explicitly provide for the functional equivalent of a pre-judgment supersedeas bond, fairness and equity dictate that one should be ordered. Plaintiffs have investigated and concluded that they are chasing a miniscule damages award, and in the event there are more than nominal damages, Defendants are likely without resources to pay the damages and fees.  Defendants insist that they prefer to continue this litigation, despite Plaintiff's willingness to end it.  Thus, we are in the unusual circumstance of a Plaintiff chasing an empty pocket, who chooses to comport itself with economy toward its resources, those of Defendants, and those of the Court.  If the litigation is to continue only because Defendant wants it to, then Defendant should be compelled to provide some assurance of the value of the litigation and collectibility.  Such would further the "just" and "inexpensive" determination of this action. Fed. R. Civ. P. 1.

### 5.0   CONCLUSION

For the foregoing reasons, the Court should allow International Health Brands, LLC, to dismiss its claims in this action without prejudice, with each party to bear their own fees and costs. And, further, the Court should stay all procedings in this matter pending the outcome of this motion. Alternatively, the Court should require the posting of a bond by Defendants in the amount

of $600,000, upon evidence from Defendants of net profits from the sale of the IHB Formula in the amount of at least $300,000.

Dated: February 6, 2025.
Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Tel: (888) 887-1776

Jay M. Wolman (*Pro Hac Vice*)
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776

Kylie R. Werk (FL Bar No. 1031756)
krw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Tel: (786) 800-3500

Attorneys for Plaintiff,
International Health Brands, LLC

Case No. 9:24-cv-80679-DMM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
MARC J. RANDAZZA