IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTERNATIONAL HEALTH BRANDS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEE R. FOY, an individual; MICHAEL L. KAUFMAN, an individual; and KCM BRANDS, LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 9:24-cv-80679 |

## **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Defendants Ashlee R. Foy ("Foy"), Michael L. Kaufman ("Kaufman"), and KCM Brands, LLC ("KCM") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this response to Plaintiff's purported "expedited" motion for voluntary dismissal. D.I. 52 accompanying exhibits ("Motion"). While Defendants do not oppose dismissal in principle, they strongly object to Plaintiff's request for dismissal without prejudice and without reimbursement of Defendants' litigation expenses. Given the extensive time and resources Defendants have been forced to expend due to Plaintiff's baseless claims and lack of pre-suit diligence, fundamental fairness and equity demand that any dismissal be with prejudice and conditioned on Plaintiff's payment of Defendants' attorneys' fees and costs.

**I.      FACTUAL BACKGROUND**

For over three months, since October of 2024, Defendants have diligently sought the most basic discovery from Plaintiff. After repeated delays and obfuscations by Plaintiff, Defendants were

compelled to file a Motion To Compel on January 22, 2025 (D.I. 44). Plaintiff responded on January 29, 2025 (D.I. 46), and Defendants filed their reply on February 5, 2025 (D.I. 51). The matter is fully briefed and ripe for adjudication. The Court has ordered an in-person hearing on February 10, 2025, to address these outstanding discovery issues. (D.I. 45). Notably, the Court warned that it would "impose sanctions or cost shifting on any party or attorney who fails to comply with all discovery obligation." *Id*. 45.

Yet, at 11:27 AM ET on February 6, 2025—less than two full business days before the scheduled hearing—Plaintiff's counsel suddenly proposed dismissal "without prejudice, with each party to bear their own costs." This eleventh-hour maneuver is nothing more than a transparent attempt to sidestep the consequences of Plaintiff's failure to prosecute its case properly. Defendants, in good faith, attempted to negotiate a fair and amicable resolution but were met with Plaintiff's unilateral rejection and hasty filing of an "expedited" motion.

## II.  PLAINTIFF'S DISMISSAL REQUEST IS A BAD-FAITH TACTIC TO AVOID ADVERSE CONSEQUENCES

There is no legitimate "emergency" here requiring expediting the case. Plaintiff's stated reason for dismissal—that it has reassessed the valuation and collectability of the case—rings hollow. Motion at 1-2. Plaintiff has known **since at least September 24, 2024**, that even if it prevailed, its recovery would be significantly limited. D.I. 32-1, (alleging Defendants are judgment-proof). The reality is that Plaintiff never conducted a good-faith pre-suit investigation, failed to produce documents to substantiate its trade secret claims. Plaintiff also did not communicate about the alleged trade secret with Defendants e.g. with a cease-and-desist letter before bringing this suit and is now scrambling to escape the consequences.

Indeed, Plaintiff's failure to engage in basic due diligence is evident from the discovery record. Plaintiff never communicated its purported trade secret concerns to Defendants before filing suit—no cease-and-desist letter, no pre-suit discussions. Its lack of responsive documents to RFPs 2,

6, 62, 63, and 64, coupled with its own certificate of production (D.I. 46-2) and sworn affidavit (D.I. 46-1 ¶6), further confirms that Plaintiff's claims were unsupported and without due diligence.

Despite this mounting evidence, Plaintiff continue to allege Defendants' wrongdoing in their dismissal. Motion at 2-4. This is belied by the evidence Defendants have presented in its Motion to Compel that Plaintiff has not produced the most basic documents required to carry its burden in a trade secret case. See e.g., D.I. 51 Defendants' Reply generally.

Had Plaintiff exercised the bare minimum of diligence, this lawsuit would never have been filed.

### III.    DISMISSAL SHOULD BE WITH PREJUDICE AND CONDITIONED ON PAYMENT OF DEFENDANTS' FEES AND COSTS

Rule 41(a)(2) is designed to prevent precisely this type of procedural gamesmanship—where a plaintiff, facing adverse rulings, seeks to withdraw its case without consequence, only to potentially refile later. Courts routinely condition voluntary dismissals on reimbursement of the opposing party's litigation costs to prevent unfair prejudice. *See Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc.*, 142 F.R.D. 179, 181-82 (N.D. Ga. 1991) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)).

"A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377, 378 (S.D. Fla. 2001) (quoting *McCants*, 781 F.2d at 857).

Courts have consistently imposed fee-shifting conditions in similar circumstances:

- *Doe v. Varsity Brands, LLC*, No. 6:23-CV-788-JSS-LHP, 2024 WL 4556128, at *2 (M.D. Fla. Oct. 23, 2024) (conditioning voluntary dismissal on payment of defendants' litigation expenses, including attorneys' fees).

- *Herkemij & Partners Knowledge, B.V. v. Ross Sys., Inc.*, No. 1:05-CV-650-WSD, 2006 WL 5328578, at *3 (N.D. Ga. June 12, 2006) (awarding fees and costs where plaintiff should have dismissed its claims earlier but persisted without evidence).
- *Farmaceutisk*, 142 F.R.D. at 181 (granting dismissal but requiring plaintiff to reimburse defendant's expenses and fees).

Plaintiff claims that "Defendants would not be prejudiced or lose any substantial right." Motion at 4. However, here, Defendants have endured substantial financial, emotional, and professional burdens in defending against Plaintiff's meritless claims. Plaintiff has failed to produce even the most basic documents to support its allegations, forcing Defendants to engage in costly discovery battles. Plaintiff was aware that the damage award would be significantly lower even if it prevailed at least as early as September 24, 2024. Yet, it waited nearly five months, until this close to a discovery hearing to bring its "expedited motion."

Dismissal without prejudice would leave the door open for Plaintiff to refile its claims, prolonging the cloud of uncertainty over Defendants. Equity demands that Plaintiff not be allowed to walk away unscathed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1. **Deny Plaintiff's motion for voluntary dismissal without prejudice.**

2. **Grant dismissal only with prejudice.**

3. **Condition dismissal on Plaintiff's payment of all reasonable attorneys' fees and costs incurred by Defendants.**

Dated: February 7, 2025

Respectfully submitted,

By:  */s/ Elizabeth Jimenez*
Alan L. Raines  (Florida Bar No. 520111)
alan@raineslegal.com
Elizabeth Jimenez (Florida Bar No. 1008516)
ejimenez@raineslegal.com
RAINES LEGAL
2500 N. Military Trail, Suite 303
Boca Raton, FL  33431
Telephone:     (561) 693-3221
Facsimile:     (561) 404-1104


Thomas G. Pasternak (*Pro Hace Vice*)
tpasternak@taftlaw.com
Roshan P. Shrestha (*Pro Hace Vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL  60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011

*Attorney for Defendants.*